PEARSON, Judge.
' This appeal is from criminal convictions on three separate informations. The sole question presented is whether or not the defendant was denied counsel of his choice.
The defendant was first charged with the crime of breaking and entering a building with intent to commit a felony. He appeared with private counsel, entered a plea of not guilty and waived trial by jury. Thereafter, two additional informa-tions were filed. Each information charged the defendant with larceny of an automobile. On each occasion the defendant appeared at arraignment without an attorney and after questioning by the court, received the benefit of the public defender’s statute by the appointment of the public defender. On the date set for trial, the public defender was present and prepared to represent the defendant on all three charges. The privately employed counsel did not appear. Without announcing that he would grant a continuance if the defendant requested it, the court inquired of the defendant whether he wanted the public defender to represent him. The defendant stated that he would like for the public defender to represent him. Thereupon, the court proceeded to *826 trial. Defendant was found guilty on all three charges and was sentenced to terms running concurrently. - ;
The gist of this appeal is that .it was error to deprive defendant of his right to privately employed counsel by allowing the public defender to proceed in the cause. Inherent in the argument is the proposition that the defendant was presented with a Hobson’s choice in which he could elect (1) to proceed to trial with the public defender or (2) to elect to have private counsel and proceed to trial immediately without the presence of 'that counsel.. The fallacy in -this argument is. that it simply does not appear in the record that such was the situation. The argument is based upon the supposition that if the defendant had elected to be represented by his previously contacted private counsel he would have been forced to trial without that counsel. The judge’s .careful questioning of the defendant demonstrates that the court was anxious to preserve the defendant’s right to private counsel if he. chose, to be so represented. It is inherent in the careful examination that if the defendant had chosen to rely upon the private counsel, he would have been given an opportunity to contact that counsel prior to trial.
We do not mean to imply that it is the duty of the trial court to interrupt the orderly progress of a cause in order to attempt to locate absent counsel of record. We simply point out that it cannot be implied in this case that the defendant was rushed to trial without notice to counsel of record.
 It may well have been a violation of the public defender’s statute for the court to have appointed a public defender in a case where the defendant was able to procure private counsel, but this error is not demonstrated on this record. If it were, it would not be a reversible error upon the appeal- of this defendant because he cannot complain that he received more legal services than he was entitled to. The public defender was appointed only after the- d'e-fendant appeared without counsel’ and: requested the appointment.
Affirmed.